# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHEYENNE PARROTT,

        Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,

        Defendant.

Case No. 18-2502-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Cheyenne Parrott brings this employment discrimination action, asserting five claims against defendant Samsung Electronics America, Inc: (1) sex discrimination violating Title VII, 42 U.S.C. §§ 2000e, *et seq.* (Count I); (2) race discrimination violating Title VII (Count II); (3) retaliation violating Title VII (Count III); (4) race discrimination violating 42 U.S.C. § 1981(a) (Count IV); and (5) and breach of an implied contract of employment violating Kansas law (Count V). Doc. 8 (Plf.'s First Am. Compl.).

This matter comes before the court on defendant's Motion to Dismiss Count V of Plaintiff's First Amended Complaint. Doc. 10. Count V is the only claim at issue in defendant's Motion to Dismiss. For reasons explained, the court grants defendant's motion and dismisses Count V of plaintiff's Complaint.

**I.    Factual and Procedural Background**

The following facts come from plaintiff's First Amended Complaint. Doc. 8. The court must accept them as true and view them in the light most favorable to plaintiff. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the

complaint and view them in the light most favorable to the [plaintiff]." (citation and internal quotation marks omitted)).

In 2014, plaintiff was recruited and hired by Atterro, a staffing firm, and placed with defendant in an Executive Assistant position. Plaintiff asserts she had a positive relationship with defendant until December 2016 when she was assigned to support a new Vice President/General Manager of the account she assisted. Plaintiff's First Amended Complaint alleges that the new Vice President/General Manager directed several instances of inappropriate and discriminatory behavior toward the plaintiff. Also, the Complaint alleges that plaintiff complained to defendant about this inappropriate and discriminatory behavior. On July 27, 2017, defendant terminated plaintiff's employment. Defendant told plaintiff that her termination was based on budget issues. But plaintiff asserts that defendant's termination of her employment was discriminatory based on her race and sex and retaliatory based on her previous complaints of discrimination.

Plaintiff's First Amended Complaint alleges five claims against defendant. Specifically, plaintiff alleges in Count V that defendant breached an implied contract of employment. Plaintiff bases her implied contract claim on defendant's policies prohibiting race and sex discrimination in the work place. Plaintiff asserts that she had an implied contract of employment with defendant that she would enjoy a work place free of discrimination and prejudice based on her race and sex. But, she contends, defendant breached this implied contract of employment by terminating plaintiff because of her race and sex.

On December 3, 2018, defendant filed a Motion to Dismiss Count V of Plaintiff's First Amended Complaint. Doc. 10. Defendant asserts that plaintiff's First Amended Complaint fails to allege facts capable of supporting a finding or inference that the parties had a contractual

relationship. Also, defendant argues, the existence of company policies alone cannot create a contractual relationship. Plaintiff opposes defendant's motion. Doc. 12. She asserts her First Amended Complaint adequately alleges an employment relationship which created an implied contract between the parties sufficient to support her implied breach of contract claim. The court must consider whether plaintiff has pleaded sufficient facts and circumstances to make Count V plausible, and thus, sufficient to survive Rule 12(b)(6) dismissal. As explained below, the court concludes that plaintiff's First Amended Complaint fails to allege a plausible breach of implied contract claim under this standard. The court thus grants defendant's Motion to Dismiss Count V.

## II.     Standard of Review

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

3

Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

### III. Analysis

Defendant asks the court to dismiss plaintiff's Count V for breach of an implied contract of employment under Rule 12(b)(6) because it fails to state a claim. Doc. 10. Plaintiff brings this claim under Kansas law. Kansas adheres to the employment-at-will doctrine but recognizes exceptions when an express or implied contract exists between an employer and its employee. *Morriss v. Coleman Co.*, 738 P.2d 841, 847 (Kan. 1987). Implied contracts arise when facts and circumstances show a mutual intent to contract. *Kastner v. Blue Cross & Blue Shield*, 894 P.2d 909, 915 (Kan. Ct. App. 1995) (quoting *Allegri v. Providence-St. Margaret Health Ctr.*, 684 P.2d 1031, 1035 (Kan. Ct. App. 1984)). The court considers the following factors when determining the parties' understanding and intent to form an implied contract: (1) written or oral

4

negotiations, (2) the conduct of the parties from the commencement of the employment relationship, (3) usage of business, (4) the situation and objective of the parties giving rise to the relationship, (5) the nature of employment, and (6) any other circumstances which tend to explain or make clear the intention of the parties when the employment commenced. *Morriss*, 738 P.2d at 847. Normally, the parties' intent is a question of fact for the jury to decide. *Id*. at 848 (citing *Allegri*, 684 P.2d at 1035).

In Count V of her First Amended Complaint, plaintiff incorporates all previous allegations in the pleading and then alleges facts specific to Count V. Doc. 8 at ¶¶ 75–79. She alleges that defendant had written policies and procedures that provided the work place would remain free from discrimination and prejudice. *Id.* at ¶ 76. She asserts that these policies, and her reliance on them, created an implied contract of employment that defendant violated when its employees created a hostile environment because of her race and sex. *Id.* ¶¶ 76–78. Finally, she alleges defendant breached this implied contract causing her to sustain actual damages. *Id.* at ¶ 79. Plaintiff also alleges specific instances of discriminatory behavior in the "General Allegations" section of her Complaint. *See, e.g.*, *id.* at ¶ 19.

Defendant's Motion to Dismiss asserts that defendant's employment policies cannot support a plausible implied employment contract under Kansas law. Also, defendant argues, plaintiff has not pleaded sufficient facts and circumstances to demonstrate defendant's intent to be contractually bound to plaintiff by virtue of its anti-discrimination policies. Defendant correctly asserts that, in Kansas, employment manuals demonstrate only a unilateral expression of company policy, and, alone, they cannot provide a basis for an implied employment contract. *See Rouse v. Peoples Natural Gas Co.*, 605 F. Supp. 230, 232 (D. Kan. 1985) ("The Kansas rule remains that an employment manual, that is only a unilateral expression of a company policy and

is not bargained for, cannot alone be the basis of an employment contract."); *see also Brown v. United Methodist Homes for the Aged*, 815 P.2d 72, 83 (Kan. 1991) (explaining that a "written personnel policy alone is not sufficient to establish an implied contract of employment").

In response, plaintiff abandons the First Amended Complaint's original allegations supporting her breach of implied contract claim by explicitly reciting: "No, it is not [defendant's written] policies and procedures that Plaintiff's Count V was targeting."[1] Doc. 12 at 7. Instead, plaintiff now argues, "the implied contract the Plaintiff seeks to enforce is the one that [defendant] agreed to abide by that was imposed by Federal and State Law with the enactment of the Civil Rights laws and the anti-discrimination laws that were adopted by the company . . . ." *Id.* Plaintiff argues that defendant created an implied contract when it implemented legal requirements as company policy because, she contends, defendant's actions demonstrate its intent to abide by federal law. *Id.* She asserts that defendant demonstrated an awareness of anti-discrimination laws and expressed its intent to comply with them by displaying an employee rights poster in the breakroom. *Id.* And, she argues, she reciprocated defendant's intent by expressing her own intent to work in a place free from discrimination when she accepted the position with defendant and worked in such an environment with her original supervisors. *Id.*

Plaintiff cites no legal authority to support her argument that an employer creates an implied contract when it expresses an intention to comply with federal or state anti-discrimination laws. Also, the court has found no cases recognizing such a theory under Kansas law in its own research. In contrast, in states other than Kansas, courts have rejected plaintiff's theory explicitly. *See, e.g.*, *Clayton v. Vanguard Car Rental U.S.A., Inc.*, 761 F. Supp. 2d 1210,

---

[1] In her First Amended Complaint, plaintiff asserts: "Under the written policies and procedures of Samsung, which documents were available to Plaintiff and relied upon by her . . . Samsung policies provided that the work place would be free from discrimination and prejudice, and thereby created an implied contract of employment . . . ." Doc. 8 at ¶ 76.

1280–82 (D.N.M. 2010) (granting summary judgment against plaintiff's breach of implied contract claim asserted under New Mexico law based on an employer's purported promise to abide by its antidiscrimination policies because "the language of an employer's antidiscrimination policy that solely contains a general statement of adherence to anti-discrimination law does not create an implied contract"); *Rosario v. J.C. Penney*, 463 F. Supp. 2d 228, 232 (D. Conn. 2006) (applying Connecticut law and holding "a claim for breach of implied contract cannot be premised on an employer's general obligation to comply with the federal and state anti-discrimination laws"); *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 208 (S.D.N.Y. 1998) (applying New York law and finding that a provision in the school's code of conduct requiring that all students receive fair and equal treatment is "merely a general statement of adherence by [defendant] to existing anti-discrimination laws. It does not create a separate and independent contractual obligation.") (citation and internal quotation marks omitted). And, to the extent plaintiff's theory here asserts a legal conclusion, the court is not bound to accept it when considering a motion to dismiss. *See Moreno-Woods v. T-Mobile USA, Inc.*, No. 11-1314-RDR, 2012 WL 887602, at *4 (D. Kan. Mar. 14, 2012) (holding that "plaintiff's allegation that a contract can be 'implied' from the interview process is a legal conclusion which the court is not bound to accept when evaluating her complaint against a Rule 12(b)(6) motion").

Also, as defendant argues in its Reply, defendant already has a legal obligation to comply with federal and state anti-discrimination laws. Thus, plaintiff's implied contract theory lacks sufficient consideration necessary to support a plausible contract claim. *See Apperson v. Sec. State Bank*, 528 P.2d 1211, 1219 (Kan. 1974) ("It is an elementary principle of law that to be enforceable a contract must be based upon valuable consideration. It is also the rule in this jurisdiction that an agreement to do or the doing of that which a person is already bound to do

does not constitute a sufficient consideration for a new promise."); *see also Landucci v. State Farm Ins. Co.*, No. 5:14-cv-00789-LHK, 2014 WL 3705117, at *12 (N.D. Cal. July 23, 2014) (dismissing an implied contract claim asserted under California law because "any contract based on a promise by [an employer] to comply with the anti-discrimination statutes . . . is void as illegal" because it lacks sufficient consideration).

Also, to recognize plaintiff's breach of implied contract claim, the court, in effect, would expand Kansas law. Such a holding would permit plaintiffs with similar discrimination claims to assert implied contract claims based simply on an employer's alleged failure to comply with the law. *See Pecoraro v. New Haven Register*, 344 F. Supp. 2d 840, 844 (D. Conn. 2004) (applying Connecticut law and holding that "to accept plaintiff's theory [that defendant had agreed to an implied contract that it would abide by policies and law prohibiting sexual harassment] would be tantamount to saying that any deviation by an employer from its anti-discrimination policy or from the federal or state anti-discrimination laws gives rise to a claim for breach of an implied contract. That is not the law."). The court cannot expand Kansas law in this fashion, especially when no legal authority exists to support plaintiff's argument.

In sum, taking the facts asserted in plaintiff's Complaint as true and construing them in her favor, the court finds that plaintiff has alleged no plausible claim for breach of implied contract under Kansas law. The court thus grants defendant's Motion to Dismiss Count V.

**IV.    Conclusion**

For reasons explained, the court grants defendant's Motion to Dismiss Count V of Plaintiff's First Amended Complaint (Doc. 10).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Samsung Electronics America, Inc.'s Motion to Dismiss Count V of Plaintiff's First Amended Complaint (Doc. 10) is granted.

**IT IS FURTHER ORDERED THAT** defendant Samsung Electronics America, Inc. shall answer or otherwise respond to plaintiff's First Amended Complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

**Dated this 6th day of March, 2019, at Kansas City, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**